DOUGLAS CRANE KNEUBUHL, aka MIKE KNEUBUHL,
Plaintiff,

v.

PULETU D. KOKO and TALAMATAVAO M. TUIAGAMOA,
aka MORU MANE, and DOES I through XXX, Defendants.

---

PULETU D. KOKO and TALAMATAVAO M. TUIAGAMOA,
aka MORU MANE, Plaintiffs,

v.

IULI ALEX GODINET and MOLIOO FRANK GODINET,
Defendants.

---

KISHON PRITCHARD LUA, Plaintiff,

v.

PULETU D. KOKO and His Agents, DOES I-X, Defendants.

---

High Court of American Samoa
Land and Titles Division

LT No. 23-03
LT No. 26-03
LT No. 40-04

January 31, 2005

Before RICHMOND, Associate Justice; and LOGOAI, Chief Associate Judge.

Counsel: For Kishon Pritchard Lua, Charles V. Ala`ilima
For Puletu D. Koko and Moru Mane, Marie A. Ala`ilima
For Douglas Crane Kneubuhl, Jeffery Waller
For Iuli Alex Godinet and Molioo Frank Godinet, Frederick O'Brien

ORDER ON PRELIMINARY INJUNCTION APPLICATIONS

## Introduction

In LT No. 40-04, Plaintiff Kishon Pritchard Lua ("Kishon") and Defendant Puletu D. Koko ("Puletu") filed cross-applications for preliminary injunctions pertaining to Kishon's house under construction on land named "Fuamete" in Leone, American Samoa. Kishon claims that the construction site is on individually owned land of her late father Fuiavailiili William Pritchard ("Fuiavailiili"). Puletu claims the land to be the Puletu family's communal land. While this case is pending, Kishon seeks to complete construction of the house and Puletu seeks to stop construction.

The applications were heard on January 19-21, 2005. Both Kishon and Puletu were present with their respective counsel. Plaintiff Douglas Crane Kneubuhl, in LT No. 23-03, appeared by his counsel. Defendant Iuli Alex Godinet, in LT No. 26-03, was present only as a witness without his counsel. Because they relate to Fuamete, LT No. 23-03 and LT No. 26-03 were consolidated on October 9, 2003. LT No. 40-04 was consolidated with the two earlier cases at the beginning of the

preliminary injunction applications.[1]

**Discussion**

## I. Preliminary Injunction Prerequisites

■ Preliminary injunctions are issued while an action is pending upon a sufficient showing that (1) the applicant has a substantial likelihood of prevailing at trial on the merits and a permanent injunction will be issued against the opposing party, and (2) the applicant will suffer great or irreparable harm before a full and final trial can be held on whether a permanent injunction should issue. A.S.C.A. § 43.1201(j).

### A. Likelihood of Prevailing

The three consolidated actions, along with the action of probable prospective consolidation, involve this and several other issues of land ownership within Fuamete. It appears that the entire area at issue was at one time the Puletu family's communal land. However, more than 100 years ago, in the 1890s, a substantial portion within the disputed land was converted into freehold land by a court grant. The freehold area was transferred to Alfred Pritchard, Fuiavailiili's and Kishon's direct line ancestor, in the early 1900s. Puletu acknowledges that Alfred Pritchard's heirs own the freehold land. There still remains, however, a problem with locating the freehold land on the ground within Fuamete with reasonable certainty in order to judicially resolve the issues in this action.

During his lifetime, and beginning many years ago, perhaps as early as 1929, Fuiavailiili developed areas within Fuamete both within and outside the freehold land. He actually registered 12.51 acres as his individually owned land. It is not yet clear whether this acreage is entirely outside of the freehold land. Moreover, Puletu is challenging with some basis the validity of the registration. We will need to sort out other land registrations within or adjacent to Fuamete as well.

It is apparent, at least at this point, that Kishon's house under construction is entirely or almost entirely on unregistered land. Fuiavailiili did, however, conduct substantial leveling of steep slopes in the area of the house construction site. On the other hand, Puletu

---

[1] During the hearing on the preliminary injunction applications, reference was made to a fourth action, LT No. 26-04, concerning Fuamete, and the prospect of consolidating this action with the three consolidated actions. A preliminary injunction hearing in LT No. 26-04 is scheduled in February, 2005, at which this further consolidation question can be resolved.

presented substantial evidence that members of the Puletu family or others with the Puletu titleholders' permission also cultivated this same area.

At this stage of this action, there are significant factual and legal issues remaining that need further in-depth development and analysis before this action can be fully resolved on the merits. As such, both Kishon and Puletu have each shown a likelihood of success at trial. This is a sufficient basis for holding that an applicant has established this preliminary injunction criterion. *See Samoa Air v. Bendall*, 28 A.S.R.2d 101, 103-04 (Land & Titles Div. 1995).

B. Prejudgment Irreparable Harm

■ Commonly, the equities between the parties' interests must be considered to evaluate this criterion. *See, e.g., Pharmaceutical Research and Mfrs. of America v. Walsh*, 538 U.S. 644, 670 (2003). The balance in this case favors Kishon. The construction of her house has progressed well along towards completion. The two stories already erected need to have the roof installed to protect the completed work. She has substantial materials on site subject to risk of deterioration.

Puletu has agricultural planting in the area, but the present cultivation was hastily done after Kishon started construction of the house. He argues, somewhat vaguely, that the construction alters the significant historical value of the area. Perhaps, but the slope leveling, along with the public water tank installed above the site, changed the area in this respect years ago. If Puletu prevails at trial, he can be adequately compensated by money damages for any loss of the recent planting. Moreover, the area can be readily restored to pretrial conditions by removal of the house, or the Puletu family may acquire the house. Kishon is willing to complete construction at the risk of ultimately losing her investment or at least a substantial portion of it if Puletu prevails.

■ All circumstances considered, Kishon will immediately suffer great or irreparable harm if she is prevented from completing her house. Her harm is significantly greater in comparison with the harm Puletu may suffer before trial.

II. **Certificate of Irreconcilable Dispute**

■ Although the Secretary of Samoa Affairs has issued the certificate of irreconcilable dispute, which is a jurisdictional requirement under A.S.C.A. § 43.0302, for the disputes pertaining to LT No. 23-03 and LT No. 26-03, the Secretary has not yet mediated and issued a certificate for the controversy in LT No. 40-04. Except for issuing appropriate interim

orders under A.S.C.A. § 43.0304, we must suspend further proceedings in LT No. 40-04 pending until the jurisdictional certificate is filed in this action.

## III. Preliminary Injunction Procedure

■ We remind counsel that under T.C.R.C.P. 65(a)(2), the evidence received at the hearing on the present applications for preliminary injunctions is admissible at the trial on the merits, is part of the record, and need not be repeated at the trial. The evidence received during the January 19-21, 2005 hearing was substantial and bears on issues in the three cases other than the requested immediate preliminary injunctions in LT No. 40-04.

### Order

1. Kishon's application for a preliminary injunction allowing completion of her house under construction is granted. Puletu's application for preliminary injunction to prevent completion of the construction is denied.

2. While this action is pending or until further order of the Court, Puletu and his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from preventing Kishon from completing her house now under construction on the land Fuamete in Leone, American Samoa, and from entering upon, clearing or performing any work on the land adjacent to or near the construction site and access road to the site. Kishon may remove Puletu's recent plantings as is necessary to reopen the access road and facilitate construction of her house.

3. Except for appropriate interim orders, further proceedings in LT No. 40-04 are suspended pending completion of dispute mediation by the Secretary of Samoan Affairs and filing of the jurisdictional certificate of irreconcilable dispute issued by the Secretary.

It is so ordered.